UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

KLM LAW GROUP
ATTY FOR: THE BANK OF NY MELLON

U.S. BANKRUPTCY COURT
FILED
NEWARK, NJ

2016 NOV -3 PM 2: 05

JAMES J. WALDRON
BY: [signature]
DEPUTY CLERK

In Re:

WILLIAM PORTOCARRERO
1128 BROAD ST.
CLIFTON, NJ 07013

Case Number: 16-27979 LM

Hearing Date: NOV. 1, 2016

Judge: _____

Chapter: 7

Recommended Local Form:   ☐ Followed   ☒ Modified

~~ORDER REINSTATING AUTOMATIC STAY~~

FILE A Response — MOTION FOR RELIEF FROM STAY

The relief set forth on the following page is hereby ~~ORDERED~~.

(See ATTACHED)

THIS MATTER having come before this Court on motion brought by Defendant William Portocarrero et al., seeking to clarify, or, in the alternative, modify this Court's October 20, 2016 injunction pursuant to Federal Rules of Civil Procedure 65(d)(1)(C) and 60(b)(5), and this Court having considered all arguments and submissions proffered by the parties in respect of this Motion, and for good cause having been shown, it is

ON THIS ~~_____ day of _____ 2016, hereby: ORDERED~~ that Defendants' Motion for Clarification ~~and/or Modification~~ is hereby GRANTED; and it is ~~FURTHER ORDERED that the~~ injunction be clarified as follows:

When the mortgagee asserts that the ground for lifting the stay is that the mortgage indebtedness exceeds the value of the property, then the mortgagee must include a valuation report such as an appraisal or broker's price opinion letter as an exhibit to the motion. The valuation report must be current, which generally means that it must have been made within the preceding 90 days, or within 90 days of the petition date. Anything older than that can be considered obsolete. The valuation report must be signed and must also contain language in the form of an affidavit that the person who prepared the report attests that he or she is disinterested and is not a broker or selling agent under a listing agreement and does not anticipate acting as the broker or listing agent for any party in interest. The person who signs the valuation report must include a statement of his or her professional qualifications. The report must contain a suitable description of comparable values of properties that have been recently sold. If the moving party is taking the position that the mortgagee lacks adequate protection, then the moving papers cannot contain any inconsistent statements which indicate that the mortgagee is fully secured. In lieu of providing a valuation report, the mortgagee can rely on the debtor's admission of the value of the property as indicated in the debtor's bankruptcy schedules. In such an event, the creditor must include a legible copy of the debtor's schedule "A" or "D" as an exhibit.

Accordingly, there must be a notarized and executed affidavit from a loan representative. This affidavit must set forth the post-petition payment defaults and the total amount of the mortgage indebtedness. In addition, the affidavit must either indicate that the stay should be lifted for cause, in which event the specific cause should be set-forth, or the stay should be lifted because the mortgage indebtedness exceeds the value of the property. Finally, the affidavit must correctly identify the address of the subject property.

Accordingly, a proposed order cannot seek payment of costs and attorney's fees as this creates an inconsistency between section 362 (a)(d)(2) and section 506 (b).

_____     11/3/2016

WILLIAM PORTOCARRERO