**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **William Portocarrero** | Social Security number or ITIN **xxx–xx–3408** |
| | First Name   Middle Name   Last Name | EIN _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN _ _ _ _ |
| | | EIN _ _–_ _ _ _ _ _ _ |

United States Bankruptcy Court  **District of New Jersey**

Case number:  **16–27979–SLM**

# Order of Discharge                                                                                     12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

William Portocarrero

<u>1/6/17</u>                                                                      **By the court:**   <u>Stacey L. Meisel</u>
                                                                                                       United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

> **This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

Official Form 318    **Order of Discharge**    page 2

United States Bankruptcy Court
District of New Jersey

In re:  
William Portocarrero  
    Debtor

Case No. 16-27979-SLM  
Chapter 7

## CERTIFICATE OF NOTICE

District/off: 0312-2    User: admin    Page 1 of 1    Date Rcvd: Jan 06, 2017  
                      Form ID: 318    Total Noticed: 11

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 08, 2017.
```
db          +William Portocarrero,   1128 Broad Street,   Clifton, NJ 07013-3348
aty          Stanziale & Stanziale, P.C.,   Stanziale & Stanziale, P.C.,   29 Northfield Avenue,   Suite 201,
              West Orange, NJ 07052-5358
516401774   +BNY Mellon Corporate,   225 Liberty Street,   New York,NY 10286-0001
516401769   +Diversified Collection Services,Inc.,   333 North Canyons Parkway,   Suite 100,
              Livermore,CA 94551-9480
516401768   +Mortgage Electronic Registration System,Inc. C/0,   820 Bear Tavern Road,
              Trenton,NJ 08628-1021
516401773   +Parker McCay P.A.,   9000 Midlantic Drive,   Suite 300,   Mount Laurel, NJ 08054-1539
516401772   +Powers Kirn,LLC,   728 Marne Highway,   Suite 200,   Mooretown, NJ 08057-3128
516401770   +United Guaranty Comm Ins Co of North Carolina,   230 N. Elm Street,   Greensboro,NC 27401-2438
516401771   +Veripro Solutions Inc.,   PO Box 3572,   Coppell, TX 75019-9572
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg          E-mail/Text: usanj.njbankr@usdoj.gov Jan 06 2017 22:47:20    U.S. Attorney,   970 Broad St.,
              Room 502,   Rodino Federal Bldg.,   Newark, NJ  07102-2534
smg         +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Jan 06 2017 22:47:16    United States Trustee,
              Office of the United States Trustee,   1085 Raymond Blvd.,   One Newark Center,   Suite 2100,
              Newark, NJ  07102-5235
                                                                                              TOTAL: 2
```

       ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 08, 2017                                                     Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 6, 2017 at the address(es) listed below:
```
          Benjamin A. Stanziale, Jr.    on behalf of Trustee Benjamin A. Stanziale, Jr.
           trustee@stanzialelaw.com, nj45@ecfcbis.com
          Benjamin A. Stanziale, Jr.    trustee@stanzialelaw.com, nj45@ecfcbis.com
          Brian C. Nicholas    on behalf of Creditor    THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK,
           et al bnicholas@kmllawgroup.com, bkgroup@kmllawgroup.com
          Denise E. Carlon    on behalf of Creditor    THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK,
           AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWALT, INC., ALTERNATIVE LOAN TRUST2006-11CB
           MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-11CB dcarlon@kmllawgroup.com,
           bkgroup@kmllawgroup.com
                                                                                              TOTAL: 4
```